ORIGINAL

# In the United States Court of Federal Claims

No. 12-743C

(Filed: January 21, 2015)

FILED

JAN 21 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOLI SYARIEF PULUNGAN,

               Plaintiff,

v.

THE UNITED STATES,

               Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER
## ON RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS

On September 23, 2013, counsel for the Government filed a motion to dismiss *pro se* Plaintiff Doli Syarief Pulungan's unjust imprisonment claim for lack of subject matter jurisdiction. Because Mr. Pulungan did not respond by the due date, the Court issued an order to show cause, requiring him to explain why his complaint should not be dismissed. On November 14, 2013, Mr. Pulungan filed his response, and on November 19, 2013, his counsel in the related case of Pulungan v. United States, No. 3:11-cv-470 (W.D. Wis. May 9, 2012), *rev'd and remanded*, 722 F.3d 983 (7th Cir. 2013), also filed a letter on his behalf. Mr. Pulungan's counsel explained that Mr. Pulungan was still seeking his certificate of innocence from the U.S. District Court for the Western District of Wisconsin. The Court then stayed proceedings in this case while it awaited the decision of the District Court regarding Mr. Pulungan's certificate of innocence.

The District Court originally had granted Mr. Pulungan a certificate of innocence on May 9, 2012. On appeal by the Government, however, the Seventh Circuit remanded the case to the Western District of Wisconsin to determine some remaining factual questions related to Mr. Pulungan's claim. Id. On December 9, 2014, the District Court dismissed Mr. Pulungan's case for failure to prosecute after his counsel withdrew and Mr. Pulungan failed to respond to the Court's requests for information. Pulungan, No. 3:11-cv-470 (December 9, 2014 Order of Dismissal). Now that Mr. Pulungan has failed

to obtain a certificate of innocence, this case is ripe for decision.  The Court is reconsidering on its own motion the Government's motion to dismiss.

The basis for the Government's argument is that this Court must dismiss a plaintiff's claim of unjust imprisonment under 28 U.S.C. §§ 1495 and 2513 for lack of subject-matter jurisdiction when the plaintiff lacks a valid certificate of innocence.  Def.'s Mot. 8-10; 28 U.S.C. § 2513.  Section 2513 refines the requirements of § 1495, requiring that "[a]ny person suing under section 1495 of this title must allege and prove that . . . his conviction has been reversed or set aside on the ground that he is not guilty." 28 U.S.C. § 2513(a).  Further, "[p]roof of the requisite facts shall be by certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." Id.

The Government argues that "on appeal, the Seventh Circuit reversed [the district court's issuance of a certificate] and made clear that Mr. Pulungan failed to demonstrate that he was entitled to a certificate of innocence." Def.'s Mot. 10.  On remand, Mr. Pulungan failed to secure another certificate of innocence when his case was dismissed for failure to prosecute.  Pulungan, No. 3:11-cv-470 (December 9, 2014 Order of Dismissal).  Without a certificate of innocence, Mr. Pulungan fails to meet the requirements of § 2513 and therefore this Court cannot entertain his claim.  Based upon a careful review, the Court is satisfied that it lacks subject matter jurisdiction to decide an unjust imprisonment claim in the absence of a certificate of innocence.  See Grayson v. United States, 141 Ct. Cl. 866 (1958) (holding that sections 1495 and 2513 only confer jurisdiction on this Court in cases where "the conditions set out in section 2513 are complied with"); see also Wood v. United States, 91 Fed. Cl. 569 (2009) (concluding that "plaintiff has failed to furnish a certificate of innocence as mandated by § 2513" and "[t]herefore, the court lacks subject matter jurisdiction").

Accordingly, Defendant's motion to dismiss is GRANTED.  Plaintiff's claim is dismissed with prejudice, and the clerk is directed to enter judgment for the Defendant.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

2